IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | | |
|---|---|---|
| JAMES F. PODGURSKI, ET AL. | : | |
| | : | |
| v. | : | Civil No.: CCB-03-3180 |
| | : | |
| THE UNITED STATES OF | : | |
| AMERICA, ET AL. | : | |

...o0o...

MEMORANDUM

James Podgurski and Johnnie Sturgill instituted this suit against the United States and NeighborCare Pharmacies, Inc., alleging wrongful death and survival claims arising from the death of their mother, Maxine Podgurski. The defendant, NeighborCare Pharmacies, Inc., has filed its motion for summary judgment pursuant to Fed. R. Civ. P. 56. This matter has been fully briefed and no hearing is necessary. See Local Rule 105.6. For the reasons stated below, the defendant's motion will be granted.

BACKGROUND

On December 20, 2001, Maxine Podgurski ("Podgurski") was examined at the Highlandtown Community Health Center by Nurse Kathleen M. Thaney ("Thaney"), a Certified Registered Nurse Practitioner with Baltimore Medical Systems.[1] (Pls.' Opp'n 6; id., Ex. 8, Podgurski Dep. 35; Def.'s Mot., Ex. A, Thaney Dep. 58.) Thaney diagnosed cellulitis in Podgurski's right arm and wrote a prescription for Keflex (Cephalexin) for ten days. (Pls.' Opp'n, Ex. 12, Adult Progress Note; Def.'s Mot., Ex. A, Thaney Dep. 61-62; id., Ex. B, Keflex prescription.) Keflex, a cephalosporin, is contraindicated in patients with known allergies to cephalosporins and penicillin. (Pls.' Opp'n, Ex. 13, Witman Dep. 45-46; Def.'s Mot., Ex. A,

---

[1] The parties dispute whether Podgurski's examination was part of a routine appointment or an unscheduled visit. (Pls.' Opp'n, Ex. 8 Podgurski Dep. 35; Def.'s Mot., Ex. A, Thaney Dep. 58-59.)

Thaney Dep. 61.)

Thaney alleges that she knew Podgurski was allergic to penicillin but did not know that Podgurski had a history of anaphylactic reaction to penicillin. (Def.'s Mot., Ex. A, Thaney Dep. 61-62, 64-65, 67.) Thaney also claims that due to the low cross rate between Keflex and penicillin, she believed Keflex could be considered with other alternative treatments. (Id. at 19.) Thaney insists that she consulted with physicians before deciding which antibiotic to prescribe for Podgurski. (Id. at 62-66.) The plaintiffs argue that Thaney did not consider Podgurski's allergy when prescribing the medication and that her notes from the December 20th office visit indicate as much. (Pls.' Opp'n 18-19; id., Ex. 21, Connors Dep. 26-27.)

Podgurski had her prescription filled at the NeighborCare pharmacy at 3505 Eastern Avenue, where she had previously had prescriptions filled. (Id., Ex. 3, Ey Dep. 35, 43-47.) As part of NeighborCare's standard operations, new pharmacy customers completed patient profiles with personal information including allergy history, which was maintained on the pharmacy's computer system. (Id. at 10-12.) As the allergy section of Podgurski's patient profile said "214" which means "no known allergy," no warning appeared on the pharmacist's computer screen when the Keflex prescription was filled. (Id. at 5, Ex. 5, Patient Profile.) Neither of Podgurski's adult children, James Podgurski or Johnnie Sturgill, had spoken to anyone at NeighborCare about their mother's allergy history or have any knowledge of Podgurski telling anyone at NeighborCare about her allergy history. (Def.'s Mot., Ex. E, Podgurski Dep. 57; Ex. I, Sturgill Dep. 16.)

Podgurski's prescription was delivered to her home on December 21, 2001. (Def.'s Mot., Ex. E, Podgurski Dep. 38.) After ingesting the medication, Podgurski called to her son, James

2

Podgurski on an intercom and said "Jim, I took this prescription and I feel terrible." (Pls.' Mot., Ex. 8, Podgurski Dep. 40.) James Podgurski dialed 9-1-1 and briefly spoke to his mother before she lost consciousness. He started resuscitation attempts. Emergency personnel arrived and found Podgurski unconscious, unresponsive and with agonal respirations. (Id., Ex. 15, Ambulance Report 2.) Intubation of her airway was difficult because of a swollen tongue and vocal cords. Podgurski could not be resuscitated. An autopsy was done on Podgurski's body the next day by the medical examiner. (Id., Ex. 17, Titus Dep. 20-21.) The autopsy report lists "a probable anaphylactoid drug reaction" as the cause of death. (Id., Ex. 18, Autopsy Report.)

On or about November 7, 2003, James Podgurski and Johnnie Sturgill, in their individual capacities and as the co-personal representatives of Podgurski's estate, filed this complaint against the United States of America and NeighborCare Pharmacies, Inc.

## ANALYSIS

Rule 56(c) of the Federal Rules of Civil Procedure provides that summary judgment

> shall be rendered forthwith if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law.

The Supreme Court has clarified that this does not mean that any factual dispute will defeat the motion:

> By its very terms, this standard provides that the mere existence of some alleged factual dispute between the parties will not defeat an otherwise properly supported motion for summary judgment; the requirement is that there be no genuine issue of material fact.

Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 247-48 (1986) (emphasis in original).

"A party opposing a properly supported motion for summary judgment 'may not rest upon the mere allegations or denials of [his] pleadings,' but rather must 'set forth specific facts

3

showing that there is a genuine issue for trial.'" Bouchat v. Baltimore Ravens Football Club, Inc., 346 F.3d 514, 525 (4th Cir. 2003) (alteration in original) (quoting Fed. R. Civ. P. 56(e)). The court must "view the evidence in the light most favorable to . . . the nonmovant, and draw all reasonable inferences in her favor without weighing the evidence or assessing the witness' credibility," Dennis v. Columbia Colleton Med. Ctr., Inc., 290 F.3d 639, 645 (4th Cir. 2002), but the court also must abide by the "affirmative obligation of the trial judge to prevent factually unsupported claims and defenses from proceeding to trial." Bouchat, 346 F.3d at 526 (internal quotation marks omitted) (quoting Drewitt v. Pratt, 999 F.2d 774, 778-79 (4th Cir. 1993), and citing Celotex Corp. v. Catrett, 477 U.S. 317, 323-24 (1986)).

To establish their claim for professional malpractice or negligence against NeighborCare, James Podgurski and Johnnie Sturgill must prove that NeighborCare owed a duty to Maxine Podgurski, it breached that duty, and its breach caused her death. See Swedish Civil Aviation Admin. v. Project Mgmt. Enterprises, Inc., 190 F.Supp.2d 785, 803 (D.Md. 2002)(citing Shofer v. Stuart Hack Co., 723 A.2d 481, 486 (Md. Ct. Spec. App. 1999)).

Under Maryland law, a pharmacist has only a limited duty to warn a customer about a physician's prescription, for example if the prescribed medication is obviously fatal or the dosage is unusual. See Moore v. Wyeth-Ayerst Labs., 236 F.Supp.2d 509, 512-513 (D.Md. 2002)(citing People's Service Drug Stores v. Somerville, 158 A. 12, 13 (Md. 1932).[2] Expounding upon this limitation on a pharmacist's liability, the Fourth Circuit has explained that:

---

[2] See also Rite Aid Corp. v. Levy-Gray, 876 A.2d 115, 123 (Md. App. 2005)(citing cases but affirming liability on express warranty theory).

4

> [i]f the law is going to require, as plaintiffs would have it, that the physician be second-guessed by the pharmacist...only danger could result.  A pharmacist...who advised a patient not to take a drug prescribed by a physician might easily cause death or serious injury, and we think the practice of medicine by pharmacists...is not a field in which we should even encourage them to engage, much less require it, as plaintiffs would have.

Hofherr v. Dart Indus., Inc., 853 F.2d 259, 263-264 (4th Cir. 1988).

Here, the plaintiffs do not demonstrate that NeighborCare knew or should have known that Podgurski had an allergy to penicillin.  First, the patient profile on record for Podgurski, who had used NeighborCare to fill prescriptions since 1997, said that she had no known allergy.  Second, neither of Podgurski's children recall advising NeighborCare of her allergy or knowing that she did so.

The plaintiffs allege that NeighborCare has an ongoing and continual duty to inquire about a customer's allergies.  The plaintiff's expert asserted there were "national" standards though he has never practiced in Maryland.  (Def.'s Reply to Pls.' Opp'n 2, n.1; Pls.' Opp'n to Def.'s Mot. for Summ. J., Ex. 2, O'Donnell Dep. 59-60.)  The plaintiffs rely on standards issued in 1979 by the American Pharmaceutical Association and the American Association of Colleges of Pharmacy ("1979 Standards") which direct pharmacists to obtain a customer's drug allergy information and to update it regularly. (Pls.' Opp'n, Ex. 1, Standards of Practice for the Profession of Pharmacy 30-31).  Essentially, the plaintiffs would require the pharmacist to inquire about a patient's possible allergies every time a new prescription was presented.  They have offered nothing, however, to show that such guidelines have been adopted in Maryland or by federal law or otherwise applied to govern the practice of pharmacies in this state.

Even if NeighborCare did learn of Podgurski's allergy to penicillin, there is evidence in

the record that Thaney already was aware of Podgurski's allergy and would not have altered her prescription based on a telephone call from the pharmacist.  See People's Service Drug Stores, Inc., 158 A. at 14.  In short, the plaintiffs cannot offer proof beyond speculation that NeighborCare breached its duty or that any breach caused Podgurski's unfortunate death.

I also have considered the plaintiffs' motion to preclude expert testimony.  As to the standard of care for pharmacists, I assume the issue is moot.  As to Dr. Milman's testimony regarding the field of toxicology, the motion will be denied without prejudice.  I will receive his testimony at the bench trial and give it appropriate consideration under the Rules of Evidence.

For all the reasons stated above, NeighborCare's motion for summary judgment will be granted.

A separate order follows.


| September 21, 2005 | /s/ |
| --- | --- |
| Date | Catherine C. Blake |
|  | United States District Judge |